# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 2, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| R.P., by his Parents and Natural Guardians * | UNPUBLISHED |
| CHRISTIAN PANAITESCU and * | |
| MIHAELA PANAITESCU, * | |
| * | No. 16-753V |
| Petitioners, * | |
| * | |
| v. * | Chief Special Master Dorsey |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * | |

Clifford Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Voris Johnson, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 27, 2016, Christian and Mihaela Panaitescu ("petitioners") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"), on behalf of their son, R.P., a minor. Petitioners filed an amended petition on November 30, 2016. Petitioners allege that R.P. suffered from a motor planning disorder a sensory processing disorder as a result of receiving a DTap vaccination on June 26, 2013. Am. Petition at ¶¶ 6 & 9.

### I.   Background

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On May 18, 2017, petitioners filed a Motion to Dismiss.  Motion to Dismiss dated May 18, 2017.  Petitioners' case was dismissed that same day for insufficient proof.  Decision Dismissing Petition dated May 18, 2017.

On August 18, 2017, petitioners filed a motion for attorneys' fees and costs ("Pet'rs' Mot.").  Petitioners request attorneys' fees in the amount of $14,467.00 and costs in the amount of $195.00.  Pet'rs' Mot. at 1.  Pursuant to General Order #9, petitioners filed a signed statement indicating that they incurred $400.46 in out-of-pocket expenses.  Id.  Thus, the total amount requested is $15,062.46.

Respondent filed a response to the motion on August 25, 2017.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

Petitioners have filed no reply.  This matter is now ripe for adjudication.

## II.     Discussion

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(3).  Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis.  The undersigned finds that petitioners brought their petition in good faith and with a reasonable basis, and therefore will award reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that

are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Reasonable Hourly Rate

Petitioners' counsel requests the following hourly rates:

|  | 2016 | 2017 |
|---|---|---|
| **Clifford Shoemaker** | $430 | $446 |
| **Renee Gentry** | -- | $430 |
| **Sabrina Knickelbein** | $363/$365[2] | $378 |

The requested rates for 2016 are within the ranges provided in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters' Fee Schedules ("Fee Schedule").[3]  These rates have previously been found to be reasonable and have been awarded.  See, e.g., Mikkelson v. Sec'y of Health & Human Servs., No. 15-867V, 2016 WL 6803786 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016).  The undersigned also finds that the 2016 requested hourly rates are reasonable and should be awarded in this case.

However, the rates for 2017 require adjustment.  Petitioners request that Mr. Shoemaker receive an hourly rate of $446 for work performed in 2017.  Pet'rs' Mot. at 9-10.  Mr. Shoemaker has been practicing law for over 40 years and has significant experience in the Vaccine Program.  However, the 2017 Fee Schedule provides that attorneys with his years of experience may be reasonably awarded $394 - $440 per hour.  Due to his experience in the Vaccine Program, the undersigned will award Mr. Shoemaker the upper limit of this range, setting his hourly rate for work performed in 2017 at $440.

Petitioners request that Ms. Gentry receive an hourly rate of $430 for work performed in

---

[2] Ms. Knickelbein requests an hourly rate of $365 for work performed from July 5, 2016 through October 6, 2016, and she requests an hourly rate of $365 for work performed from October 31, 2016 through December 21, 2016.  Pet'rs' Mot. at 10-12.

[3] See United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed September 29, 2017).

3

2017. Pet'rs' Mot. at 5. Ms. Gentry has been practicing law for approximately 22 years, and according to the 2017 Fee Schedule she may be awarded $358 - $424 per hour. Ms. Gentry also has significant experience in the Vaccine Program and will be awarded fees in the upper limit of her range. The undersigned therefore reduces Ms. Gentry's hourly rate to $424 for work performed in 2017.

These hourly rates for Mr. Shoemaker and Ms. Gentry for work performed in 2017 were previously found to be reasonable and were awarded by Special Master Gowen in Bookey v. Sec'y of Health & Human Servs., No. 13-26V, 2017 WL 2544892 (Fed. Cl. Spec. Mstr., May 18, 2017), in order to conform them to the 2017 Fee Schedule. The undersigned also conforms their rates to the 2017 Fee Schedule by awarding these rates.

Petitioners request that Ms. Knickelbein receive an hourly rate of $378 for work performed in 2017. Pet'rs' Mot. at 12-13. This rate is consistent with McCulloch and the 2017 Fee Schedule for an attorney of her experience. The undersigned also finds that this rate is reasonable and should be awarded to Ms. Knickelbein.

### 2. Numerous and Excessive Intra-Office Communication

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to excessive billing and intra-office communication. See Bondi v. Sec'y of Health & Human Servs., No. 15-749V, 2016 WL 1212890 (Fed. Cl. Spec. Mstr. Mar. 4, 2016) (reduced Mr. Shoemaker's, Ms. Gentry's, and Ms. Knickelbein's overall fee award due to billing for email correspondence with each other); See also Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced CHCC's overall fee award by 10 percent due to excessive and duplicative billing). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case and have reduced fees accordingly. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

After carefully reviewing the billing records, the undersigned finds that counsel billed excessive amounts of time for intra-office communication, including emails and meetings with each other.[4] For example, both Mr. Shoemaker and Ms. Knickelbein bill for numerous emails to and from "Gretchen" and "Sabrina."[5] Pet'rs' Mot. at 6-9, 11. Ms. Knickelbein also bills multiple times for emails and meetings with Mr. Shoemaker. Pet'rs' Mot. at 11-13. The undersigned thus reduces the overall fee award due to excessive intra-office communication.

### 3. Vague Entries

---

[4] See Pet'rs' Mot. at 6-13.

[5] No further identification or explanation is provided for Gretchen or Sabrina in petitioner's motion. The undersigned assumes they are paralegals in counsel's firm.

4

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. See Bondi, 2016 WL 1212890 (reduced Mr. Shoemaker's Ms. Gentry's and Ms. Knickelbein's overall fee award due to vague billing entries); See also Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by ten percent due to vague billing entries). It is well-established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine from the application and case file whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

After reviewing the billing records, the undersigned finds that counsel has billed numerous entries that are so vague that they do not provide enough information to determine whether the task is compensable.[6] For example, on August 25, 2016, Mr. Shoemaker bills for "Emails to and from Gretchen," "Email from Gretchen," and "Emails to and from client" without any further explanation. Pet'rs' Mot. at 8. Similarly, Mr. Shoemaker bills for multiple phone calls that only provide the caller's name and provide no further detail regarding the person's identification or what the phone call was regarding. Pet'rs' Mot. at 6-7, 10. The undersigned thus reduces the overall fee award due to vague billing entries.

For the above reasons, the undersigned will reduce petitioner's entire fee award by ten percent.

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $195.00 in costs. Pet'rs' Mot. at 1. The requested costs consist of charges for obtaining medical records and for photocopies. Pet'rs' Mot. at 13-4. Petitioners also request reimbursement in the amount of $400.46 for costs they paid out-of-pocket, which consist of the filing fee and postage. Pet'rs' Mot. at 3. Based on a review of the submitted expenses, the undersigned finds that the requested costs are reasonable and awards them in full.

### III. Conclusion

The undersigned has reviewed the billing records submitted with petitioner's request and finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested: | $14,467.00 |
| - Adjustment to Mr. Shoemaker's 2017 Rate | -    $57.00 |
| - Adjustment to Ms. Gentry's 2017 Rate | -      $1.50 |
| - 10% reduction (vagueness and intra-office communication) | - $1,440.85 |

---

[6] See Pet'rs' Mot. at 1-5.

| | |
|---|---:|
| **Attorneys' Fees Awarded** | **$12,967.65** |
| **Attorneys' Costs Awarded** | **$195.00** |
| <u>**Total Attorneys' Fees & Costs Awarded**</u> | <u>**$13,162.65**</u> |
| <u>**Total Petitioners' Out-of-Pocket Costs Awarded**</u> | <u>**$400.46**</u> |

**Accordingly, the undersigned awards:**

1) **A lump sum of $13,162.65, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Clifford Shoemaker; and**

2) **A lump sum of $400.46, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The Clerk of the Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.